1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN (Bar No. 57117)
2  JONATHAN A. ELDREDGE (Bar No. 238559)
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile:  (925) 945-1975
5
   Attorneys for Plaintiff
6  Robert J. Sehr, Jr., as successor trustee of the
   Weller Trust
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 ROBERT J. SEHR, JR. as successor trustee  )   **Case No.** CV 14-02100 VC
   of the WELLER TRUST,                     )
12                                           )   **STIPULATION AND [PROPOSED]**
                                             )   **ORDER STAYING CASE**
13               Plaintiff,                  )
                                             )   AS MODIFIED
14     vs.                                   )
                                             )
15 BRYAN WELLER, an individual; UNITED       )
   STATES OF AMERICA; STATE OF               )
16 CALIFORNIA EMPLOYMENT                     )
   DEVELOPMENT DEPARTMENT; ALL               )
17 PERSONS UNKNOWN CLAIMING ANY              )
   INTEREST IN THE PROPERTY, and             )
18 DOES 1 through 50, inclusive,             )
                                             )
19               Defendants.                 )
                                             )

20

21        WHEREAS, on April 1, 2014, this partition case was filed in the probate department[1]

22 (Judge Sugiyama) of the Superior Court for the County of Contra Costa to partition a commercial

23 property located at 254 Rose St., Danville, California that is owned by Plaintiff and Defendant

24 Bryan Weller with federal tax liens on the property held by Defendant United State of America;

25

26

---

[1] Plaintiff received special permission from Judge Sugiyama to file in the probate department instead of the civil department as there were related and consolidated cases already pending before Judge Sugiyama.

- 1 -
STIPULATION AND [PROPOSED] ORDER STAYING CASE

1  WHEREAS, on May 7, 2014, this case was removed to this Court by Defendant United
2  State of America;
3  WHEREAS, before removal, this case was consolidated with six additional cases in the
4  probate department also pending before Judge Sugiyama, including a wills/estate action (*In the
5  Matter of the Estate of Beverly J. Weller*, Case No. MSP11-00814), a trust action (*In the Matter
6  of the Weller Trust*, Case No. MSP11-00406), a fraud/fiduciary duties action (*Weller v. Sehr*,
7  Case No. C12-01649), a quiet title action (related to the commercial property at issue here)
8  (*Weller v. Sehr*, Case No. MSC12-02106), a nuisance action (*Sehr v. Weller*, Case No. MSL13-
9  01120) and a partition action (related to a residential property owned by Plaintiff and Defendant
10 Bryan Weller) (*Sehr v. Weller*, Case No. MSC12-02336) (collectively the "Actions");[2]
11 WHEREAS, Defendant Bryan Weller is or was a party to all of the Actions and
12 Defendant United States of America is a party to the partition action related to the residential
13 property;[3]
14 WHEREAS, the federal tax liens at issue in this case are also at issue in the partition
15 action related to the residential property;
16 WHEREAS, an interlocutory judgment has been issued in the partition action related to
17 the residential property, which has a provision relating to the payment of the federal tax liens, a
18 referee has been appointed to sell the residential property and offers to purchase the residential
19 property have been received;
20 WHEREAS, it is anticipated that the residential property will be sold in the next few
21 months, and the proceeds of the sale will be used to pay off debts on the house, including the
22 federal tax liens at issue in this case;
23 WHEREAS, Plaintiff disputes that this Court has subject matter jurisdiction over this
24 case as Plaintiff contends that the property at issue is also at issue in previously filed state court

---

[2] The property at issue in this action (254 Rose St., Danville, California) is at issue in the wills/estate action, the trust action, the fraud/fiduciary duties action, the quiet title action and the nuisance action.

[3] Defendant State of California Employment Development Department disclaimed in the state court all rights in the property and is no longer a party to this action

STIPULATION AND [PROPOSED] ORDER STAYING CASE

1  actions, including multiple probate actions and a quiet title action, that the United States of
2  America has waived the right to remove due to its litigating its federal tax liens in state court and
3  that abstention principles require that the case be remanded to state court;
4        WHEREAS, the parties believe that rather than engaging in motion practice to determine
5  whether this case should be remanded to the state court and engaging in preliminary case matters
6  (e.g., initial disclosures, initial case management conferences), the case should be stayed so that
7  the federal tax liens can be resolved in the state court partition action, following which Defendant
8  United States of America will likely be dismissed from both the state court case as well as the
9  above-captioned case so that this case can be remanded back to state court;
10       THEREFORE, subject to the Court's order so providing, the parties stipulate that this
11  case shall be stayed for 90 days from the date of the Court's Order.  If a dismissal of the United
12  States of America is not filed within 75 days following entry of the Court's Order,  Plaintiff shall
13  notify the Court of the status of the underlying partition case so that the Court may determine
14  how best to proceed.

15  Dated:  June 10, 2014

              GLYNN & FINLEY, LLP

              By____/s/ Jonathan A. Eldredge_____
                  Attorneys for Plaintiff
                  Robert J. Sehr, Jr., as successor trustee
                  of the Weller Trust

20  Dated:  June __, 2014

              BUCHMAN PROVINE BROTHERS
              SMITH LLP


              By_____
                  Attorneys for Defendant Bryan Weller


    Dated:  June 10, 2014


              By____/s/ Cynthia Stier_____
                  CYNTHIA STIER
                  Assistant United States Attorney
                  Tax Division
                  Attorney for Defendant United States of
                  America

- 3 -
STIPULATION AND [PROPOSED] ORDER STAYING CASE

1 actions, including multiple probate actions and a quiet title action, that the United States of
2 America has waived the right to remove due to its litigating its federal tax liens in state court and
3 that abstention principles require that the case be remanded to state court;

4     WHEREAS, the parties believe that rather than engaging in motion practice to determine
5 whether this case should be remanded to the state court and engaging in preliminary case matters
6 (e.g., initial disclosures, initial case management conferences), the case should be stayed so that
7 the federal tax liens can be resolved in the state court partition action, following which Defendant
8 United States of America will likely be dismissed from both the state court case as well as the
9 above-captioned case so that this case can be remanded back to state court;

10     THEREFORE, subject to the Court's order so providing, the parties stipulate that this
11 case shall be stayed for 90 days from the date of the Court's Order. If a dismissal of the United
12 States of America is not filed within 75 days following entry of the Court's Order, Plaintiff shall
13 notify the Court of the status of the underlying partition case so that the Court may determine
14 how best to proceed.

15 Dated: June __, 2014

GLYNN & FINLEY, LLP

By_____
Attorneys for Plaintiff
Robert J. Sehr, Jr., as successor trustee
of the Weller Trust

20 Dated: June 9, 2014

BUCHMAN PROVINE BROTHERS
SMITH LLP

By_____
Attorneys for Defendant Bryan Weller

25 Dated: June __, 2014

By_____
CYNTHIA STIER
Assistant United States Attorney
Tax Division
Attorney for Defendant United States of

- 3 -
STIPULATION AND [PROPOSED] ORDER STAYING CASE

1 <u>ORDER</u> AS MODIFIED

2   The Court ORDERS that this case shall be stayed for 90 days from the date of the Court's

3 Order. If a dismissal of the United States of America is not filed within 75 days following entry

4 of the Court's Order, Plaintiff shall notify the Court of the status of the underlying partition case

5 so that the Court may determine how best to proceed. A Status Conference is set for

6 September 16, 2014, at 10:00 a.m. A Status Conference statement shall be due no later than September 9, 2014.

7   IT IS SO ORDERED.

9 Dated: June 11, 2014

*IT IS SO ORDERED AS MODIFIED*
*Judge Vince Chhabria*

- 4 -
STIPULATION AND [PROPOSED] ORDER STAYING CASE

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

I, Jonathan A. Eldredge, attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 10, 2014               GLYNN & FINLEY, LLP

                                                   /s/ Jonathan A. Eldredge
Jonathan A. Eldredge
Attorneys for Plaintiff

STIPULATION AND [PROPOSED] ORDER STAYING CASE